UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| LISA KELLY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 08-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF FORT THOMAS, KENTUCKY, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of motions to dismiss filed by Defendants Mary Brown, Barbara Runge, James Doepker, Roger Peterman, Barbara Thompson-Levine, Tom Lampe, and Eric Haas, in their individual capacities. [Record Nos. 5, 7, and 8] These Defendants contend that they are entitled to absolute legislative immunity on the federal and state claims asserted in the Plaintiffs' Complaint. However, the Plaintiffs assert that immunity is not appropriate under the circumstances presented. For the reasons discussed below, the Court will grant the motion with respect to the federal claims asserted against the above-named Defendants in their individual capacities. However, the motion will be denied as to the state claims because Kentucky law does not extend absolute immunity to municipal legislators.

**I.     Background**

This litigation arises out of the Fort Thomas City Council's adoption of amended Ordinance No. 95.05 on December 17, 2007. According to the parties, the City of Fort Thomas (the "City") has experienced a substantial growth in its deer population in recent years, resulting

-1-

in an increase in deer-involved motor vehicle collisions and an overall nuisance to the City and its residents. In response, the City Council amended Ordinance No. 95.05, which generally prohibits the discharge of firearms within city limits, to allow bow and crossbow hunting under certain circumstances.

On December 26, 2007, Plaintiffs Lisa Kelly and William Sheffield filed the current action against the City in the Campbell Circuit Court alleging that Ordinance No. 95.05, as amended, should be declared invalid. The Defendants responded with a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim on which relief could be granted. However, before the Campbell Circuit Court ruled on the motion, the Plaintiffs filed an Amended Complaint against the City, City Council Members (Barbara Runge, James Doepker, Roger Peterman, Barbara Thompson-Levine, Tom Lampe, and Eric Haas (collectively, "the Council Members")), and Mayor Mary Brown ("the Mayor") claiming that the adoption of Ordinance No. 95.05 was unconstitutional and contrary to both Kentucky and federal law. The action was removed to this Court on March 24, 2008.

Thereafter, the Council Members and the Mayor filed the motions to dismiss that are currently pending before the Court. They assert that they are entitled to absolute immunity for their legislative activities under the United States Supreme Court's decision in *Bogan v. Scott-Harris*, 523 U.S. 44 (1998). Additionally, the Mayor contends that the individual claims against her should be dismissed because she did not vote or otherwise have any role in adopting the amendment.

In response to the motion to dismiss, the Plaintiffs assert that the Defendants are not entitled to immunity because they acted in bad faith and without authority.  Further, the Plaintiffs contend that dismissal of the claims would be premature because discovery has not yet begun.

## II.     Standard of Review

The Defendants' motions to dismiss are brought pursuant to Rule 12(c) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "In reviewing either motion, [the Court] 'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *Ferron v. Zoomego, Inc.*, 2008 U.S. App. LEXIS 10341, at *5 (6th Cir. May 7, 2008) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).   A plaintiff is not required to provide "heightened fact pleading of specifics," but must allege facts sufficient to "raise a right to relief above the speculative level."  *Id.*

## III.    Discussion

### A.     Federal Claims

In *Bogan v. Scott-Harris*, 523 U.S. 44, 53 (1998), the Supreme Court explicitly held that "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities."  The Court reasoned that, "[r]egardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of

personal liability." *Id*. at 52. Legislative immunity "attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Id*. at 54. Additionally, "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Id*. at 55. According to the Court, "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id*. at 54. Therefore, the proper inquiry is "whether stripped of all considerations of intent and motive, [the] actions [are] legislative." *Id*. at 55.

In the present case, the Plaintiffs' claims against the City Council Members and Mayor stem from the City's adoption of amended Ordinance No. 95.05. [*See* Record No. 2, pp. 3-4] Although the Plaintiffs make numerous claims regarding the Defendants' motives and the validity of the Ordinance, these allegations are immaterial to the determination of whether the Mayor and Council Members are entitled to absolute legislative immunity. Instead, the Court must simply determine whether the adoption of the Ordinance was a "legitimate legislative activity." *Bogan*, 523 U.S. at 54.

Accordingly, based on the allegations in the Plaintiffs' Amended Complaint, the Court concludes that the Mayor and Council Members are entitled to legislative immunity on the claims asserted against them in their individual capacities relating to the adoption of amended Ordinance No. 95.05. The Sixth Circuit has repeatedly held that the passing of an ordinance is a legitimate legislative activity, and absolute immunity extends to both council members and mayors who participate in the legislative process. *See Tucker v. City of Richmond*, 388 F.2d 216, 224 (6th Cir. 2004) (holding that "[a]bsolute immunity extends to local mayors who are acting

in official 'legislative capacity,' and passing an ordinance is an example of an action taken in official capacity"); *see also Bogan*, 523 U.S. at 45 (noting that voting on an ordinance is "quintessentially legislative"). Further, this immunity is applicable even where the challenged ordinance is subsequently declared invalid. *See Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989) (holding that mayor and city council were entitled to legislative immunity in connection with the passing of a zoning ordinance that was declared invalid).

The Plaintiffs contend that the Mayor and the Council Members are not entitled to legislative immunity because they allegedly acted in bad faith, committed malfeasance and misfeasance, improperly exempted City employees from the Ordinance, and acted without authority. However, the Plaintiffs' arguments and reliance on *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), are misplaced with regard to the federal claims. As noted above, the Court need not consider an official's intent and motive in determining whether absolute legislative immunity applies in a given case. The sole inquiry is whether the activity complained of constitutes legislative activity.

Recently, in *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 438 (6th Cir. 2005), the Sixth Circuit addressed an issue similar to the one presently before the Court. There, the plaintiffs challenged a sign ordinance and other allegedly unconstitutional acts that interfered with their right to operate a brewery in the City of Keego Harbor. *Id.* Although the plaintiffs made allegations of harassment and improper conduct by the city officials, the complaint failed to allege any specific, non-legislative acts by the individual city officials to support the claims. Therefore, the district court dismissed the individual claims against the city council members

under the doctrine of legislative immunity. On appeal, the Sixth Circuit affirmed the dismissal because the adoption of an ordinance is a legislative activity and all the allegations revolved around the adoption of the ordinance. *Id.* (holding that "[t]he district court correctly concluded that the only actions that Goose Island alleged that the individual city council members undertook relevant to its complaint were legislative actions").

Here, as in *City of Keego Harbor*, all of the allegations in the Plaintiffs' Complaint against the Council Members and the Mayor arise out of the City's adoption of Ordinance 95.05. The Plaintiffs have alleged no specific activity by any of the city officials other than those in connection with the Ordinance. [*See* Record No. 2] Accordingly, the Council Members and Mayor are entitled to absolute legislative immunity on the claims asserted against them in their individual capacity under § 1983.

### B. State Claims

Next, the Mayor and the Council Members contend that they are also entitled to legislative immunity on the state claims asserted against them in their individual capacities. In support of this contention, they again rely on the Supreme Court's decision in *Bogan*. However, contrary to the Defendants' arguments, this Court must apply state substantive law when considering the state claims, and Kentucky law does not extend absolute legislative immunity to municipal legislators. *See Godman v. City of Fort Wright*, 234 S.W.3d 362 (Ky. Ct. App. 2007).

In *Godman*, the Court of Appeals of Kentucky held that city council members and mayors are not entitled to absolute legislative immunity in connection with their legislative acts. The

court reasoned that "'[s]uch immunity derives from the doctrine of sovereign immunity, which holds that the state, legislators, prosecutors, judges and others doing the essential work of the state enjoy an absolute immunity from suit.' But it is well-established that sovereign immunity does not extend to municipalities." *Id*. at 370 (quoting *Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky. 2007). As a result, the court concluded that "absolute legislative immunity cannot be extended to municipal legislators." *Id*.

Although this Court is not persuaded by the summary analysis provided by the Court of Appeals of Kentucky on this issue, the undersigned is bound to follow state substantive law in considering the pendent state law claims. *See Erie R.R. Co v. Tompkins*, 304 U.S. 64 (1938). Therefore, because Kentucky does not extend absolute immunity to its municipal legislators, the Mayor's and the Council Members' motions to dismiss the state law claims against them in their individual capacity will be denied.

Nevertheless, as the court noted in *Godman*, municipal legislators may be entitled to qualified immunity for their official actions under KRS § 65.2003 and the factors outlined by the Kentucky Supreme Court in *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). Although the Plaintiffs argued extensively under *Yanero* in their response to the motions to dismiss, the Mayor and Council Members explicitly state that they are not seeking immunity on these grounds. [*See* Record No. 14, p. 8 ("Throughout their Response, Plaintiffs rely on *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001) . . . . Of course, the Council members' Motion was not premised on that type of immunity.")] Accordingly, although the Court finds that the principles of qualified immunity

may be applicable to the remaining state claw claims, it declines to address them at this stage of the litigation.

### C. Mayor Brown

The Mayor also asserts that the claims against her should be dismissed because she did not vote on Ordinance No. 95.05. Although the Mayor recognizes that all factual allegations must be taken as true in considering a motion to dismiss, she contends that the Court can disregard the "unwarranted factual inferences" that she either voted or participated in any manner in adopting the ordinance. She argues that, under Kentucky law, a mayor does not vote on an ordinance unless there is a tie and that there was not a tie in this case. However, the Plaintiffs contend that Mayor Brown did play a role in adopting the Ordinance and that dismissal would be inappropriate under Rule 12(b)(6) or 12(c). Further, the Plaintiffs assert that the "Defendants concede that the Mayor participates in Council Proceedings." [Record No. 11, p.3]

Having reviewed the pleadings and the parties' arguments on this issue, the Court agrees that dismissal of the claims against the Mayor would be unwarranted under the current posture of the case. As noted above, the Court must construe all of the allegations contained in the Plaintiffs' Amended Complaint as true in considering the motions to dismiss, and the Plaintiffs have properly alleged that the Mayor adopted the Ordinance in question. Moreover, although Kentucky law appears to only allow the Mayor to vote under certain circumstances, the Court would have to look outside the pleadings to determine whether those circumstances, such as a tie, occurred in this case. Accordingly, although the Mayor is protected under the doctrine of

absolute legislative immunity on the federal claims, the state law claims may proceed against her in her individual capacity at this time.

### IV.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the motions to dismiss filed by Defendants Mary Brown, Barbara Runge, James Doepker, Roger Peterman, Barbara Thompson-Levine, Tom Lampe, and Eric Haas, in their individual capacities, [Record Nos. 5, 7, and 8] are **GRANTED**, in part.  The claims asserted against these Defendants in their individual capacities under § 1983 are **DISMISSED**.  However, the motions are **DENIED** with respect to the state law claims asserted against the Defendants in their individual capacities.

This 30th day of July, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge